# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| NATHANIEL EDWARD MAYSEY | ) |
| | ) |
| PLAINTIFF | ) Civil Action No. 1:17cv-00108-GNS |
| v. | ) JUDGE GREG N. STIVERS |
| | ) |
| HENKEL CORPORATION; | ) |
| HENKEL AG & CO. KGAA; and | ) |
| NEMAK USA, INC. | ) |
| | ) |
| DEFENDANTS | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are two related motions. DN 60 is the motion of Defendant Henkel Corporation to compel compliance with a subpoena issued to non-party Rivendell Behavioral Health. No response has been filed to the motion. Also before the Court is DN 66, Plaintiff Maysey's motion to quash the subpoena and for entry of a protective order governing production and disclosure of other discovery in the case. Henkel filed a response at DN 69 and Maysey has not filed a reply.

### The Subpoena Issued to Rivendell

On September 25, 2017, Henkel filed a notice that it had served five subpoenas on physicians and healthcare entities, in conformance with Fed. R. Civ. P. 45(a)(1)(D)(4) (DN 44). Among those listed was Rivendell. Attached was a copy of the subpoena requesting "any and all medical records pertaining to Nathaniel Edward Maysey" (DN 44-1). The production was specified to take place at counsel's office in Fort Wright,

Kentucky, at 10:00 a.m. on October 19, 2017. The subpoena was served by certified mail on September 27, 2017 (DN 60-1).

## Henkel's Motion to Compel Compliance

Rivendell has not filed an objection of record or moved to quash the subpoena. Henkel's counsel advises, however, that it did respond with a letter indicating that it would provide the requested medical information only with Maysey's written authorization or in compliance with a court order (DN 60). Henkel attached a letter from Darla Harwood, Rivendell's Health Information Management Director in which she states that the requested records are psychiatric records subject to privilege under Ky. R. Evid. 507 (DN 60-2). Her letter sets forth Rivendell's position that it will only provide the records with a patient authorization or court order.

Henkel states that, as Plaintiff has been unwilling to execute a release, it seeks judicial compulsion of Rivendell's records. Henkel also noted that, as of the date of filing the motion on November 10, 2017, Maysey had not objected to the subpoena.

## Maysey's Motion to Quash

Maysey filed his motion on November 22, 2017 (DN 66).[1] He brings the motion under Fed. R. Civ. P. 45(d)(3)(A)(iii), contending that he has standing to move to have the subpoena quashed because it seeks medical records in which he has a personal

---

[1] Maysey's pleading refers to the undersigned as the "Magistrate." The office of magistrate in Kentucky is an elected non-judicial position of local county governance. The Judicial Improvements Act of 1990 designated the judicial office of the federal court as that of "United States Magistrate Judge." While no offense was intended or taken, the correct title is "Magistrate Judge" or simply "Judge."

privacy interest. Maysey advances several arguments for why Rivendell should not be compelled to produce his medical records:

1. The records are afforded psychiatrist-patient privileged status under Ky. R. Evid. 507, and, as this is a diversity case, the Court is obliged to recognize the privilege;
2. The requested records bear no relevance to the subject of this action, which involves injuries Maysey sustained in an industrial accident. Maysey characterizes the nature of the treatment received at Rivendell as "adolescent counseling."
3. The scope of the subpoena is excessive and would encompass information which has no bearing on the issues in the case.
4. Production of the information would place Henkel in a position of unfair advantage because Maysey's concern over disclosure of the information would be intimidating.

Maysey also moves for entry of a protective order which would limit the disclosure of information deemed confidential. Maysey notes that he and counsel for Defendant Nemak USA, Inc., had signed an agreed protective order, but Henkel had not. Maysey asks that the Court enter the protective order.

### Henkel's Response

Henkel argues that Maysey's motion to quash the subpoena is not timely, as it was not filed until well after the date for compliance passed. As such, Henkel contends that Maysey has waived objection to the subpoena.

As to Maysey's argument on relevance, Henkel responds that Maysey has alleged in his complaint that, as a result of its acts or omissions, he sustained "extreme physical and emotional pain and suffering" and that "he will sustain future emotional and physical pain and suffering . . ." (DN 69, p. 1) (*quoting* DN 25 at ¶¶ 34, 53). These allegations, Henkel contends, place into controversy Maysey's mental health and the extent to which he sustained emotional suffering as a result of the accident. As to whether the records are too remote in time and only deal with "adolescent" treatment, Henkel notes that the records relate to treatment in 2014 and the accident in question occurred about two years later in June 2016. As Maysey is now 19 years old, Henkel contends the treatment records reflect treatment "just prior to the subject accident" (DN 69, p. 2).

Henkel responds to Maysey's privilege argument by noting that Ky. R. Evid. 507 contains a waiver of privilege when the patient is asserting his mental condition as an element of a claim. Ky. R. Evid. 507(c)(3). Maysey has not filed a reply to Henkel's arguments.

## **Analysis**

1. Maysey's Motion to Quash

Typically, a party does not have standing to quash or object to a Rule 45 subpoena served on a non-party, unless the party can demonstrate a privilege or other personal right in the requested documents. Polylok Inc. v. Bear Onsite, No. 3:12-CV-535-DJH-CHL, 2016 U.S. Dist. LEXIS 173289, *3-4 (W.D. Ky. Dec. 15, 2016). Here, Maysey clearly

has a personal right in the privacy of his psychological treatment records and has standing to bring his motion. His motion, however, was not filled within the time allowed.

Rule 45(d)(3)(A) requires that a motion must be "timely" filed. "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date on the subpoena." FTC v. Trudeau, No. 5:12MC35, 2012 U.S. Dist. LEXIS 160545, *11 (N.D. Ohio Nov. 8, 2012) (*quoting* Estate of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (E.D.N.Y. 2006)). Here, the return date was October 19, 2017, whereas Maysey's motion was not filed until November 22, 2017. However, "in unusual circumstances and for good cause shown, failure to make a timely objection to a subpoena . . . will not bar consideration of objection." Id. (*quoting* Halawani v. Wolfenbarger, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, *4 (E.D. Mich. Dec. 10, 2008)). In determining if "unusual circumstances" and "good faith" exist, the court must examine (1) whether the subpoena is overbroad on its face or exceeds the bounds of fair discovery; (2) whether the subpoenaed witness is a non-party acting in good faith, and; (3) if counsel for the producing party and subpoenaing party were in contact regarding compliance before the time the challenge was raised. Id. at 11-12.

As the motion to quash in this case is made by an interested party other than the party to whom the subpoena was directed, only the first element of the test is applicable. The subpoena is broad in that it commands production of "any and all" medical records; however, in the context of this case, the request is not overly broad. Maysey has placed his emotional well-being in controversy in the case, and medical information which may

shed light on any pre-existing condition is relevant. Consequently, there are no "unusual circumstances" which would justify quashing the subpoena.

Although Maysey's motion is not timely, the Court will nonetheless address his arguments in opposition. Under the federal common law psychotherapist-patient privilege, placing one's mental health at issue constitutes a waiver of the privilege. However, the majority view is that a plaintiff does not place his mental condition in controversy merely by claiming damages for mental anguish or "garden variety" emotional distress. Lamb v. Hazel, No. 5:12-CV-00070-TBR, 2013 U.S. Dist. LEXIS 50238, *17-18 (W.D. Ky. April 8, 2013). Non-garden variety claims include "a claim of unusually severe emotional distress." Id. at 818. Here, Maysey alleges he "sustained a severe traumatic injury when his left arm was torn from his body" and has "sustained extreme physical and emotional pain and suffering" (DN 25, p. 15). In light of his allegation of the cause and extent of his emotional pain and suffering, it does not appear that his claim for mental anguish would fall within the "garden variety" category.

As to Maysey's reliance on Ky. R. Evid. 507, as Henkel points out, subsection (c)(3) provides an exception where a claimant's mental condition is an element of his claim. Moreover, even "garden variety" claims of emotional suffering serve to waive the privilege. "It would be fundamentally unfair to permit [the patient] to allege and prove mental anguish caused by the negligence while denying [the defendant] from reviewing her mental health records for the possibility of pre-existing mental conditions." Dudley v. Stevens, 338 S.W.3d 774, 777 (Ky. 2011).

The undersigned concurs with Henkel that, while the counseling in question occurred while Maysey was a juvenile, he is still a young man and those records reflect matters within two years of the accident. As such, they could bear relevance to his claims and Henkel's defenses.

Finally, as to Maysey's concern that, if Henkel obtains the records, it might somehow have a "chilling" effect on the litigation or settlement negotiations due to his fear that Henkel might disclose the records, the undersigned finds the argument unconvincing. The undersigned has confidence that Defense counsel will use the information within the ethical boundaries.

2. Henkel's Motion to Compel

Rivendell's objection asserts no substantive opposition to the subpoena other than the confidentiality afforded medical records. Rivendell's letter makes clear that it will deem a patient authorization or judicial order sufficient to alleviate its concerns. As the subpoena served upon Rivendell is procedurally correct and seeks relevant information, Henkel is entitled to enforcement of the subpoena.

3. Maysey's Motion for Entry of a Protective Order

Maysey's motion (DN 66) also seeks entry of a protective order. He states that entry of the order "will provide each of the parties protection with regard to sensitive and confidential matters" (Id. at p. 5). However, for the Court to impose a non-consensual protective order, the moving party must first make a showing of good cause.

> In seeking a protective order, the movant must present to the court "good cause" as to why such an order is needed. Possible reasons include protecting the movant "from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1). Finally, "[t]he burden of establishing good cause for a protective order rests with the movant." <u>Nix v. Sword</u>, 11 F. App'x 498, 500 (6th Cir. 2011) (citing <u>General Dynamics Corp. v. Selb Mfg. Co</u>., 481 F.2d 1204, 1212 (8th Cir. 1973)). Pursuant to <u>Nix</u>, in order "[t]o show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." <u>Id.</u>

<u>Colley v. Maverick Transp., LLC</u>, No. 3:16-CV-787-TBR, 2017 U.S. Dist. LEXIS 190251, *3-4 (W.D. Ky. Nov. 17, 2017).

Maysey's motion fails to make a showing of good cause so as to authorize the Court's imposition of a protective order. However, it appears from the pleadings that all parties are in agreement that a protective order is appropriate and all that remains is for Henkel to sign the agreed order which has been circulated among the parties. Henkel's response to Maysey's motion indicates that it does not object to the entry of the agreed order. Based upon this representation, the undersigned anticipates that Henkel will sign the agreed order and tender it to the Court.

**IT IS ORDERED** the motion of Defendant Henkel, DN 60, to compel compliance with the subpoena is **GRANTED** and Rivendell Behavioral Health is **ORDERED TO PRODUCE** the documents identified in the subpoena served upon it. Plaintiff Maysey's motion to quash the subpoena and for entry of a protective order, DN 66, is **DENIED.**

ENTERED this

Copies to: Counsel of Record