**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:17-CV-00108-GNS**

NATHANIEL EDWARD MAYSEY                                      PLAINTIFF

VS.

HENKEL CORPORATION;
and NEMAK USA INC.                                          DEFENDANTS

<u>**MEMORANDUM OPINION**</u>
<u>**AND ORDER**</u>

BACKGROUND

Defendant Henkel Corporation has moved the Court, pursuant to Fed. R. Civ. P. 14(a), for leave to file a third party complaint against Magna-Tech Manufacturing, LLC and Colorado Express Services, Inc. d/b/a Express Services, Inc. (DN 83).  Plaintiff, Nathaniel Edward Maysey, has filed a response (DN 91), and Henkel has filed a reply (DN 95).  For the reasons set forth below, the motion is granted.

NATURE OF THE MOTION

Maysey filed a tort action in the Barren Circuit Court seeking to hold Henkel and codefendant Nemak USA, Inc. liable for injuries he suffered while working at a Magna-Tech Manufacturing, LLC facility in Glasgow, Kentucky (DN 1-1 PageID # 10-28).  Maysey claims he was directed to operate an impregnation machine without a point of operation guard or "safety lid" or safety light and that the machine was not properly maintained (DN 1-1 PageID # 10-28). Henkel subsequently removed the action to this Court (DN 1).

Magna-Tech apparently hired Maysey as a temporary employee through his employer, Express Services (Id.). Maysey has asserted a worker's compensation claim against Express Services (DN 83 PageID # 497 citing Kentucky Workers' Compensation Claim No. 2016-81368). Express Services and Magna-Tech are not parties to this action. Henkel seeks leave to assert third-party claims against Express Services and Magna-Tech for the purpose of obtaining an apportionment of fault instruction for Maysey's injuries or, in the alternative, to obtain a judgment of contribution and/or indemnification against them in the full amount of any judgment that may be rendered against Henkel and in favor of Maysey or the Intervening Plaintiff, Sedgwick Claims Management Services, Inc.[1] (DN 83-1 Proposed Third-Party Complaint).

DISCUSSION

The Federal Rules of Civil Procedure provide as follows:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). "The decision of whether to grant a motion for leave to implead is a matter committed to the discretion of the district court, and the exercise of discretion is essentially a process of balancing the prejudices." The Sixth Circuit has stated that the promptness of a motion for leave to implead a third-party is "an urgent factor" guiding a court's exercise of discretion. Gen. Elec. Co. v. Irvin, 274 F.2d 175, 178 (6th Cir.1960). Other factors include: (i) the motion's timeliness; (ii) the likelihood of trial delay; (iii) potential for complication of issues; and (iv) prejudice to the original plaintiff. Botkin v. Tokio Marine &

---

[1] Intervening Plaintiff, Sedgwick Claims Management Services, Inc., is seeking to recover sums it claims to have paid to Maysey in connection with his related workers' compensation claim (DN 83-1 PageID # 504).

<u>Nichido Fire Ins. Co ., Ltd.</u>, 956 F.Supp.2d 795, 802 (E.D.Ky.2013).  Maysey has not objected to the motion on any of these grounds (DN 91 PageID # 611-13).

"The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit."  <u>Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.</u>, 512 F.3d 800, 805 (6th Cir. 2008) (citations omitted).  The Sixth Circuit has explained as follows:

> Third-party pleading is appropriate only when the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded. A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim.  Correlatively, a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant.

<u>Id.</u>  Thus, the underlying purpose of Rule 14 is "'to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him.'"  <u>Id.</u> (quoting 6 Wright, Miller, Kane, Fed. Prac. & Proc.: Civ.2d § 1441 at 289–90 (2d ed.1990)).

Under Kentucky law indemnity, contribution, and apportionment are three related but distinct concepts.  <u>Stanford v. United States</u>, 948 F. Supp. 2d 729, 744 (E.D. Ky. 2013). "Apportionment is the most modern of the three doctrines, codified by the legislature in 1998." <u>Id.</u> (citing Ky. Rev. Stat. § 411.182, <u>Degener v. Hall Contracting Corp.</u>, 27 S.W.3d 775, 779 (Ky. 2000)).  "[A]pportionment spreads the liability for a plaintiff's claims among the tortfeasors based on their relative fault."  <u>Stanford</u>, 948 F. Supp. 2d at 744 (citing <u>Degener</u>, 27 S.W.3d at 779).  When a potential tortfeasor is not named as a defendant in the complaint, a named

defendant can seek leave of court to file a third-party complaint against the as yet unnamed party to ensure that a share of the total liability is apportioned to them.  Id.

Under Kentucky law, contribution is also a statutory right that existed long before Kentucky adopted the doctrines of comparative negligence and several liability.  Id. (citation omitted).  Thus, under the doctrine of contribution, tortfeasor A may seek from a joint tortfeasor the proportional share of the amount of the plaintiff's judgment against tortfeasor A.  Id. (citation omitted).

Under Kentucky law, indemnity is the oldest of the three doctrines and, unlike the other two, is based on a common-law right.  Id. at 744-45 (citation omitted).  Because this right existed before the creation of several liability, it does not divide up liability between the tortfeasors.  Id. at 745 (citation omitted).  Thus, a tortfeasor who is only constructively or secondarily responsible for plaintiff's damages may use this doctrine to seek total indemnification from the tortfeasor who is primarily liable for the plaintiff's damages.  Id. (citation omitted).

Maysey has no objection to Express Services being added as a third-party defendant (DN 91 PageID # 611-13).  However, Maysey asserts that the Court's order should direct that, prior to being granted an apportionment instruction for Express Services, Henkel must submit sufficient evidence for the jury to find that Express Services was at fault and the fault of Express Services was a substantial factor in causing Maysey's injuries (Id.).  Henkel responds that whether and how to apportion fault between the parties should be reserved for argument at a later date.  The Court agrees, the only issue here is whether Henkel can seek leave of court to file a third-party complaint against Express Services to ensure that a share of the total liability is apportioned to Express Services.  See Stanford, 948 F. Supp. 2d at 744.

Maysey objects to Magna-Tech being added as third-party defendant (DN 91 PageID # 611-13). Maysey asserts that Magna-Tech is a solely owned subsidiary of Henkel that is managed and controlled by Henkel (Id.). Maysey argues that an apportionment of liability between a parent corporation, Henkel, and its solely owned and controlled subsidiary, Magna-Tech, would be improper (Id.). Further, Maysey contends that Henkel's proposed third-party complaint fails to state a cause of action for apportionment because it does not allege that Magna-Tech was at fault and that the fault was a substantial factor in causing Maysey's injuries (Id.).

Henkel points out that it has set forth valid claims against the proposed third-parties (DN 95 PageID # 658-61). Henkel explains that the issue of whether the claims in its proposed third-party complaint are valid or supported by evidence is not a proper consideration at this time (Id.). Rather such issues should be determined at trial or by separate motion practice (Id.). Henkel asserts that the proposed third-party complaint sets forth valid causes of action for indemnification and requests apportionment of fault pursuant to Ky. Rev. Stat. § 411.182 (Id.). Maysey has not cited any authority supporting his position that apportionment of liability between a parent corporation, Henkel, and its solely owned subsidiary, Magna-Tech, would be improper (Id.). Henkel asserts that Maysey's reasoning would require an owner to answer for the acts of its subsidiary, effectively ignoring laws pertaining to piercing the corporate veil and blurring the careful distinctions between corporate structures altogether (Id. citing Boggs v. Blue Diamond Coal Co., 590 F.2d 655, 661 and 663 (6th Cir. 1979) ("[o]wners may elect to divide their business into parent and subsidiary corporations entitled to respect as separate legal entities")). Additionally, Henkel provides authority for its position that Kentucky courts and federal courts interpreting Kentucky law have permitted apportionment of fault to the plaintiff's

employer and another potentially negligent third-party in order to avoid being held unfairly accountable for others' negligence (Id.). Additionally, Henkel asserts that whether and how to apportion fault between the parties should be reserved for argument at a later date (Id.).

The Court concludes that the proposed third-party complaint is appropriate because Express Services and Magna-Tech's liability to Henkel is dependent on the outcome of Plaintiff's claims against Henkel. The question of whether Henkel can seek apportionment against Magna-Tech is not a proper consideration at this time. The same is true with regard to Maysey's other arguments regarding the validity of the claims and whether they are supported by evidence. Such issues are determined by motion practice after the third-party complaint is filed and/or at trial. Therefore, the Court concludes that leave should be granted to file the proposed third-party complaint.

ORDER

**IT IS HEREBY ORDERED** that Henkel's motion for leave to file a third-party complaint (DN 83) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of court is directed to file the tendered third-party complaint and issue the summons (DN 83-1).

Copies to:      Counsel of Record